I'm David Gerger for Melissa Barrett, appealing her conviction for tax evasion. Eighty-two years ago, the Supreme Court clarified the distinction between just willfully refusing to pay your taxes, which is a misdemeanor, and willfully evading your taxes. And in speech, the Supreme Court said, of course, for the felony, the taxpayer must do an affirmative act. And there are many ways to do it. But the crux is to do conduct that would mislead or conceal. And that is the only way to read spees. And in those 82 years since, courts have consistently charged the jury of that requirement, including up to the Fifth Circuit pattern instruction, and including every case cited by the United States, including the Certic case, which I hope to address. Mislead or conceal. Here the district court modified that instruction, as far as we can tell, for the first time in history, by adding language that while you must mislead or conceal, you need not defraud or deceive. And we say that that combination of words is inconsistent, contradictory, and would confuse the jury. And so I would like to talk about where that instruction came from, why it is wrong, and why it is not harmless. And to preview the harmlessness, I have to say that this case has a fact that is also unique, as far as we can tell, in the history of these prosecutions. The affirmative act that was alleged here is that Ms. Barrett owed taxes, she had money, and she put assets into the name of a company that she owned. Now our cases say that doing that could be trying to mislead or conceal. It could be, if the facts are right, an affirmative act of evasion, to put assets in the name of a company. But this case has a critical fact that none of those cases have, and that is that before the relevant affirmative acts happened, starting in 2016, before that, the IRS not only learned of this company called StatCare, but made a determination that it was the alter ego of Ms. Barrett, and that its assets were fully liable for her taxes, and, importantly, she knew that. She knew that. And the sites to that... Do you challenge the alter ego finding? Pardon me? It's in Louisiana LLC, right? StatCare? I believe that's right. So how many members did it have? Your Honor, I don't remember whether it was one or two. I don't remember. So are you disputing the alter ego part or just the mens rea part? No, no, no. We say that it was her alter ego. You just... That what? The corporation, the LLC was her alter ego. The IRS determined that. And so we say that that makes this case like putting assets into her own name. Okay. And cases have said, like McGill, that just having assets in your own name is not an affirmative act of evasion, even if you have several accounts. And the defendant knew or didn't know?  The defendant knew that the IRS had made this determination that her LLC was her alter ego. That's at 1331 to 35, 2307 to 08, 2434 to 35, and 2795. Didn't something happen to several of these assets after they were put in the name of  I think some were sold. Additional assets were bought in the name of the LLC. The owner finance transaction, the boat, and a big boat, and recycled money from an Iowa sale to land purchase in Kansas. Didn't that all occur in the name of the LLC? All in the name of the LLC. Well, you know, what you're basically saying, I sort of agree with the government, is that if you leak to the government, I'm actually sneaking around with my ill-gotten gains that I owe to you, then you're immune from misleading or concealing. Well, I would say it this way. That's pretty brazen. No. This is why Spies goes to such length to distinguish the misdemeanor from the felony. And I say that putting assets into an LLC could be an act of evasion if there was evidence that the intention of doing that was to mislead or conceal. But there was no such evidence. We have here simply the fact that they were put into the LLC. Now, we say that that means there's insufficient evidence. But if we lose that point, we get to the jury instruction. And this alter ego finding is still critical because it gives the defense a very strong argument factually. And she testified why she put assets into the corporate name, just like you would, or the LLC, to get slip and fall protection, things like that. But if we don't win on sufficiency. This emergency care business had not been conducted in the individual's name directly for several years, right? I mean, no emergency care physician. So there was some other LLC that preceded StatCare, I presume. I think that it was the same LLC, is my memory, Your Honor. Until the divorce? There was one business, StatCare, was simply operated as like a Schedule C, really not in a corporate form. It was just a DBA. One was an LLC. Well, and how did this person evade potential malpractice liability going to that company as a DBA? Well, I don't know that there's any evidence of that. But she also practiced. Well, so transforming this into an LLC suddenly in 2017 doesn't strike me as being very sensible. But I know that your argument is based on intent and a jury issue. Yes, Your Honor. So let me move to the instruction. Mislead or conceal, but not defraud or deceive. I think I have trouble myself understanding what that could mean. And it's important to know where it came from. That instruction comes from the Supreme Court's decision in a case called Kawashima in 2012, which of course was not a tax prosecution. Kawashima interpreted the aggravated felon statute dealing with what aliens could be deportable. And the aggravated felon statute says that you can be deported for fraud, deceit, or evasion. And the Supreme Court was resolving whether those words were somehow superfluous with each other. And the Supreme Court said not. Because evasion, strictly speaking, does not require necessarily fraud or deceit. But it inevitably, invariably, certainly almost does. That's the language to that effect of Kawashima. Now no court has ever imported that language into an evasion instruction. And it shouldn't be imported, too, because it undermines the long history of cases that say we must have an intent to, in effect, mislead or conceal. Setting aside your jury confusion argument that that statement can exist with the current Fifth Circuit pattern without confusion, setting that aside, in isolation, was the supplemental instruction an accurate statement of the law, given that it stems from a Supreme Court case? Well, I'm not going to say the Supreme Court is wrong. But I'm going to say that it's correct as an abstract principle in that setting. But it would not be correct as part of a jury instruction. And you mentioned the Fifth Circuit pattern as well. You know, the Fifth Circuit pattern cites the Kawashima case for a different principle. That you can evade taxes by evading reporting or by evading payment. That's true. But interestingly, the Fifth Circuit pattern does not import that fraud or cheat business. It simply says that evasion includes conduct that would mislead or conceal. So the Fifth Circuit writers of that instruction, the district judges, knew about Kawashima. And even if it is an abstractly correct statement of law, this Court has held in Colorado CESA that not every abstract correct statement of law should be included in a jury instruction. And we say the jury instruction here should be reviewed de novo. In Colorado CESA, there was an abuse of discretion review of a jury instruction, and the Court reversed. Because the district judge there, in a money laundering case, added language that is true, that is legally correct, that commingling illegal money with legal money is evidence of intent to commit money laundering. That's a true statement. That's been used countless times to affirm convictions. But this Court reversed that jury instruction as an abuse of discretion because it would confuse the jury. So this case is even stronger. For what? Why would the jury be confused? Because as we cite in our brief, the word deceive is really a synonym to the word mislead in many dictionaries. So the jury is being told, look for an intent to mislead or conceal. But there doesn't have to be an intent to defraud or deceive. I've spent many nights thinking about what that could mean, and I don't know. I forget. Did you represent this person at trial? No, Your Honor. But there was a strong objection to this instruction. It was briefed. And the government argued this jury instruction in its closing argument. Now the government relies heavily on a case called Sertic, Anthony Sertic, out of the Western District. He was a doctor, and that case is an evasion case, but it does not help the government for three reasons. The first is the facts are completely different. What Sertic did is he didn't pay over the withholding tax on his employees. So his appeal dealt mostly with the definition of withholding. Secondly, his appeal, the decision of this court, didn't even mention the problem of an affirmative act. His appeal dealt with the issue of what is withholding and what is willfulness, not whether there were affirmative acts. There were plenty of affirmative acts in his case. He filed six or seven frivolous bankruptcies to get out of his taxes. And importantly, and this is not in our brief, I went back to find the jury instruction that was given in Sertic. And you have to go to the district court record. I apologize, I didn't cite to it earlier, but it's document 108 in the district court at page 587. And what was it? It was the good old mislead or conceal instruction. The government did not ask for an instruction about fraud or deceive, and the district judge gave the time-honored instruction. Assuming that we disagree with your argument that the supplemental instruction was erroneous and that the district court properly instructed the jury on the element of willfulness, under that assumption, does your argument that the district court also erred by not giving the good faith instruction necessarily fail? Is it foreclosed by cases like Pomponino and Simkinen? It would not be helpful to our position, Your Honor, if you found that the supplemental instruction was somehow not confusing. Is it foreclosed by Pomponino? The good faith argument, your separate argument, would Pomponino and Simkinen foreclose that  Does one depend on the other? We say no because we say there was more discussion of good faith in cases like Pomponino than there was here, and so we don't think it's foreclosed. Finally, the government takes a rather radical position in their brief, and perhaps it's because this instruction is confusing. How could you intend to mislead, but you don't have to deceive or defraud. What could that mean? They are synonyms in the dictionary. And the government says, well, you don't even have to mislead or conceal. And I would say there is no way to read the Spies decision that way. Spies talked about all kinds of different types of evasion. There are many different ways to do it. You could have double sets of books. You could have false statements to the IRS. And any conduct, and this is the final phrase, intending that would tend to mislead or conceal. And the only way to read Spies is that to mislead or conceal is a requirement of the evasion statute, and that's what every court has instructed since then. If there are no questions, I have time for rebuttal. Thank you. Thank you. Mr. Knapp. Good morning. May it please the Court. Greg Knapp for the United States. I'd like to address the claim that these jury instructions were confusing. And to do so, I'd like to take a moment and highlight the isolated nature of the single word that the defendant claims is confusing and look at the instructions as a whole. And I'd like to point out that before we ever got to this business about fraud or deceit or requiring misleading and concealing conduct, the district court gave the pattern instruction. The district court correctly instructed on the elements of tax evasion, tax deficiency, affirmative act, which includes conduct that may mislead or conceal, and willfulness. So, so far, so good. And then the district court, after instructing on the elements, gave the special instruction requested by the government regarding that tax evasion does not necessarily require fraud or deceit. Again, so far, so good. But then in that same special instruction, a couple of sentences before, the district court made what we think was a little slip, and probably a non-deliberate slip. And that is, the district court tried to reiterate the requirement of an affirmative act. But instead of saying, instead of repeating, consistent with the pattern, that an affirmative act may include conduct likely to mislead or conceal, the district court said, an affirmative act requires conduct that is likely to mislead or conceal. And that single word, that single word change that no one asked for, includes to requires, that is essentially the basis of the defendant's entire challenge to the jury instructions. Because now the defendant is coming and saying, well, the tax evasion requires concealing and misleading, necessarily. And so it's intention, then, for the government to ask for an instruction that does not necessarily require fraud or deceit. But the problem with that argument is that, in fact, tax evasion does not necessarily require concealing or misleading conduct. In most cases, it will. But it doesn't necessarily. And to that point, I'd like to respond to my colleague's reading of Spies, this 82-year-old watershed decision. Did the jury send out an interrogatory about this? No. There's no reason to believe that the jury was actually confused, especially, as I mentioned, that this was a single word in a special instruction changing from includes to requires, having already correctly instructed the jury on the elements of tax evasion. Now to Spies, my colleague says that there's no possible way that you can read it other than to require, necessarily, misleading and concealing conduct. And here's what the decision actually says. Quote, Congress did not define or limit the methods by which a willful attempt to defeat and evade might be accomplished. And then it continues for the end of the sentence, next sentence. Nor would we, by definition, constrict the scope of the congressional provision that it may be accomplished in any manner. Close quote. The district court is highlighting the statutory language that tax evasion may be accomplished in any manner. And the court is expressly declining to set forth any further legal limitation on the types of acts that may qualify. Now it's true that then the court goes on and offers some examples by way of illustration. And that illustration recognizes that in most cases tax evasion will require, excuse me, not require, I made the same mistake as the district court, that in most cases the tax evasion will include misleading or concealing conduct, but not necessarily. And that's also consistent with subsequent case law. My colleague mentioned McGill out of the Third Circuit. In McGill, like other cases, courts have generally recognized two theories of tax evasion. Again, they're not exclusive, but one may be misleading or concealing. Another one, and one of the theories pursued by the government here, is that it's conduct that effectively places assets out of the IRS's reach. Whether or not that conduct involves some sort of misleading, some sort of fraud or deceit, if the defendant is acting to try and lock up her assets to make it more difficult for the IRS to collect, that is a sufficient way to show an affirmative act of evasion. So you're not disputing his major argument, which is that misleading and concealing overlap with fraud or deceit? I'm not conceding it. I will go so far as to mention that when you read those by themselves, there's a little bit of tension. But no, we don't concede that they're necessarily inconsistent. You know, I think on this record, a reasonable juror could have found that perhaps the defendant engaged in misleading and concealing conduct, but didn't go all the way to fraudulent deceit, case in point. During the interview with the special agents, the defendant, having just purchased property in Iowa for the first time, told the agents, why have property in Missouri? End. Period. Now that's literally true. At that point, the defendant did have property in Missouri. So she, in her testimony, pointed out that I didn't lie. I was careful with my words. If I didn't mention Iowa, it's because the IRS didn't ask. But it is misleading because it's suggesting strongly that that's the only property that she has. So that's misleading. That's concealing. Perhaps a jury, though, would conclude that, well, but it doesn't quite rise to the level of deliberate falsity that would be required for fraud or deceit. To be clear, the government doesn't concede the point. We would argue that it is fraudulent, but recognizing that perhaps a reasonable juror wouldn't go so far, the government was entitled to an instruction that explained that, well, even if you believe her testimony, even if she did not engage in fraud or deceit, that is not a complete defense to the elements of tax evasion. My colleague mentioned that perhaps Kawashima in the abstract is the correct statement of law, but here it was confusing. I would say that importing the language from Kawashima that the government and the district court did does not create the same risks of confusion or impermissible presumptions as, say, in the Colorado CESA case. Because unlike in Colorado CESA, here the language that the district court used from Kawashima was a statement from the Supreme Court on the elements of the offense. That's Kawashima's language. The elements of the offense tax evasion do not necessarily require fraud or deceit. And so I would submit that a Supreme Court decision that talks about the elements of the offense, not about the sufficiency of the evidence, like Colorado CESA, like Sandstrom, about the elements of the offense, that is very appropriate for using a jury instruction because, after all, a key purpose of the jury instruction is to educate the jury on the elements of the offense. A final point regarding the claim that the defendant, after the alter ego lien determination, could not have thought that the continued use of that LLC was an act of evasion. In fact, there was sufficient evidence from which the jury could find that even after the alter legal determination, she could have used the LLC to evade taxes. And that is, one, the defendant's own statement to the IRS special agents that she was using this LLC in order to avoid having the property seized. That statement occurred in 2017, long after the 2015 determination. Well, of course, the person was already doing all the business in cash. That's another fact. And that's sort of a red flag to most people. Yeah, it is. I mean, this idea that they were meticulously documenting every bit of cash that went in and out is just, frankly, hard to believe. I agree, Your Honor. I mean, at least the jury could have drawn that conclusion that that had something to do with concealing or misleading. Very much so. And also, in fact, the defendant's continued use of the LLC, even after the IRS knew about it, it did gum up the works. It did make the IRS's job more difficult, as testified to by the revenue officer, and also by the fact that the defendant's scheme was working. Like, the IRS was not collecting her assets. And so from that, the jury could conclude that the defendant believed, correctly, that her continued use of the LLC was, in fact, in furtherance of tax evasion. Are there any other questions that I can address for the Court? I don't think so. If not, I'll give back my time. And thank you. Thank you. I'm sorry. A few very brief points. Number one, the United States requested the mislead or conceal instruction below. It is raising, for the very first time on appeal, that mislead or conceal is not a part of tax evasion. That claim is forfeit, in addition to the fact that all the cases that have ever instructed on evasion instruct in terms of mislead and conceal. Is the text that I'm looking at the jury instructions at 2-5-3-6 in the record, the text that the district court read, the second element, et cetera, that the Affirmative Act requires, is that the language that the government requested? Yes. With the requires in it? And the government then asked for this additional instruction, but not defraud or deceive. So you disagree with your friend on the other side who said that the requires was just a misstatement, that the district court had a slip of the tongue? Some cases have held it requires. Some cases say it is. Some cases say it includes. I'm sorry. To be clear about my question, I'm asking you, when the government asked for this requires instruction? I don't believe the government asked for the requires instruction. That's what I'm asking. The government asked for includes, that an Affirmative Act includes conduct that would mislead or conceal. Did you think that this was confusing? I guess you weren't the trial lawyer. I wasn't. I think the truly confusing part is adding, but you don't have to deceive. So you disagree that requires is the problem? You think it's the special instruction that the government asked for? Correct. So the defense counsel, your friend, trial counsel, objected to the special instruction? Yes. But nobody objected to the requires? I believe that's correct. And I also think, again, you will read Spies for yourself, the court will read Spies for itself, but the principle underlying Spies is that there must be at least conduct that includes, the word Spies uses includes, later cases do say require, includes conduct that would mislead or conceal. Making it more difficult for the IRS to collect its taxes is not an Affirmative Act of evasion. Omitting assets when asked by the IRS, a mere omission, is not an act of evasion. That is clear from cases like McGill, which reversed the conviction for a mere omission. Is it an act of evasion to move assets to a place where the IRS can't get them? It can be, if there is evidence that the intent of doing that is to mislead or conceal. But here... No, no. I'm quite open about it. I'm just moving them to the Seychelles Islands or whatever. I don't know what exactly it means to move it outside of the IRS, but the Supreme Court has said it twice. Yes. And I think one was a case in Switzerland. OK. But here, Kansas is not Switzerland. And so no assets here were put outside the reach of the IRS. But it doesn't require any intent to deceive. I'm quite honest about it. I'm just moving to the Seychelles Islands. I believe that there would still have to be some evidence that the conduct would tend to mislead or conceal to constitute evasion. And aren't you disagreeing with the Supreme Court at that point? No. I'm aware of the cases that say, and putting assets outside the reach of the IRS could be. But those aren't our facts. Here, the agents testified, we can get those assets in Kansas. It's a little harder for us. And that was the only difference. Affirming this instruction would alter the course of tax evasion prosecutions and reduce the mens rea. Which part of the instruction? That there is no requirement that there be deceit or fraud. To tell the jury, you must find that there is evidence of an intent or conduct to mislead or conceal, but not to deceive or defraud. That would radically alter future cases of tax evasion and lower the mens rea that has been required. And when we read the notes to the pattern, they make this very clear. They say, in a case where the charge is evasion of payment, which is the case here, the court must be especially careful to charge the jury that they must find this affirmative act. Because this isn't a case of filing false tax returns or things like that. So we urge the court not to alter the course of tax evasion prosecutions by this confusing instruction. And the language of Colorado CESA is very clear. We wouldn't give that instruction in a money laundering case because it could confuse. All right. Thank you very much.